By the Court:
The law for the redemption of land sold for taxes is equitable in its provisions, and ought to receive a liberal interpretation. It provides for the security of the purchaser, and protects his right in any event. If the land be redeemed, the purchaser’s money and interest must be refunded in all cases, and if the applicant has not been under any legal disability, he must pay fifty per cent, in addition, and must *also pay for any improvements which may have been made by the purchaser. Such being the conditions of a redemption, the purchaser can not complain, nor can he expect a rigid construction of the statute against the applicant.
An examination of the record certified from the common pleas, shows that the proceedings, on the part of the applicants, have been technically correct.
The question, whether Beasley was legally authorized to represent the minor heirs of Massio, does not in any degree affect the merits of the case, nor does it concern the rights of the purchaser. The court below were satisfied with the evidence of his authority. The guardians of the minors have not questioned it, nor can the purchaser be permitted to do so. As the redemption is made in the name, and for the benefit of the heirs, there is no ground for apprehending the improper intermeddling of a stranger. It is a matter of but little moment in what way the agent derives his power. He acts as an attorney in fact, and if his authority is not disputed by his principal, no other person has a right to complain, because none other have been injured. The purchaser of the tax title must receive everything to which the law entitles him, before the order for a redemption can be operative.
The second error assigned, is not exactly true in point of fact. The sale by the marshal does not necessarily show that the heirs of Massie have been divested of their legal title. The validity of that sale depends on the legality of the judgment and subsequent proceedings, which the heirs are at liberty to contest, and having this privilege, they must be permitted to protect themselves and their possessions against others. If this objection, to the right of redemption by the heirs, should prevail, their right to contest the title claimed under the marshal would be of but little use, for, whatever might be the result of such a contest, their title would be lost by the collector’s sale.
But the statute does not require the person, who applies to *284 redeem', to show a legal title in himself. The only provision on that subject is, that if, on examination, it shall appear to the court, that the claimant has a legal right to redeem such land, or any part thereof, the court shall adjudge the same to him, etc. It is no part of the duty of the court to decide ^questions of title on applications like this. They are to inquire whether the party has a right to redeem, and not whether he has a perfect title to the land. In the Virginia military district, where the land in question is situate, it may happen that one person claims under a junior entry not carried into grant, while another has the possession, and a patent on an elder entry, each party believing himself to have the better title. In such a case, it would be difficult to decide who had the right to redeem, if the construction of the plaintiff be correct. In a court of law the patent must prevail. In a court of equity, the persons holding the junior entry might prevail.
This and similar cases will show the embarrassment to which the court of common pleas may be exposed, if they are to decide questions of title on applications of this kind.
A stranger having no interest in the land will not incur the trouble and expense of redeeming it in his own name, nor his own right; but if such an attempt should be made, it could not succeed, because it is confessedly the duty of the court to require satisfactory evidence of a right to redeem.
The applicant must show that he, or those for whom he professes to act, are in some way connected with the title to the promises, as by deed, descent, contract, or possession under claim of title, either of which will be sufficient.
An equitable title, or a naked, possession, may give a legal right of redemption under the statute, which was not intended to require investigations of title, further than may be necessary to prevent impertinent applications.
This being our view of the subject, it follows that the proceedings, and the order of the court below, must be affirmed.